**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4011**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

THOMAS ANDERSON BURR,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(CR-04-917)

———————

Submitted:  August 27, 2008      Decided:  October 2, 2008

———————

Before KING, SHEDD, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Matthew M. Robinson, Cincinnati, Ohio, for Appellant.  Reginald I.
Lloyd, United States Attorney, Rose Mary Parham, Assistant United
States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Anderson Burr appeals the 168-month sentence imposed following his guilty plea to two counts of interstate domestic violence, in contravention of 18 U.S.C. § 2261(a)(1), (a)(2), (b)(3), and one count of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). As explained below, we affirm.

I.

A.

The government has moved to dismiss Burr's appeal on the basis of a waiver of appellate rights Burr signed on the morning of his sentencing hearing. We review the effectiveness of an appeal waiver de novo, United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold the waiver if the record establishes that the waiver is valid and covers the issue being appealed. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Though it is a close call, we are unable to conclude, in the unique circumstances of this case, that Burr knowingly and voluntarily waived the right to appeal his sentence. See Blick, 408 F.3d at 169 (noting that voluntariness is assessed by reference

2

to totality of circumstances). Accordingly, we deny the government's motion to dismiss the appeal and turn to the issues Burr raises on appeal.

## B.

### 1.

Burr challenges his sentence as unreasonable on two grounds. First, he claims that the district court erred by imposing enhancements to his offense level under the sentencing guidelines based on facts found by a preponderance of the evidence, rather than beyond a reasonable doubt. Second, he claims that the sentence, which constitutes a substantial downward variance from the advisory guidelines range, is still greater than necessary to comply with the purposes of sentencing.

After United States v. Booker, 543 U.S. 220 (2005), district courts are no longer bound by the range prescribed by the sentencing guidelines. When sentencing a defendant, a district court must first properly calculate the guidelines range. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The guidelines are "the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). Next, the "court must give both the government and the defendant 'an opportunity to argue for whatever sentence they deem appropriate.'" Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 596). The court is then instructed to consider the factors outlined in 18

U.S.C. § 3553(a) "to determine whether they support the sentence requested by either party."  Id.  If the court decides to impose a variance sentence, the court "'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'"  Id. (quoting Gall, 128 S. Ct. at 597).  Finally, "[a]fter settling on the appropriate sentence, [the court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."  Gall, 128 S. Ct. at 597.

We review sentences imposed by district courts for reasonableness, applying a two-step abuse of discretion standard. Gall, 128 S. Ct. at 597; Pauley, 511 F.3d at 473.  The first step of our review "examines the sentence for significant procedural errors, the second looks at the substance of the sentence." Pauley, 511 F.3d at 473.

We reject Burr's contentions that the district court committed procedural and substantive error in calculating his sentence, which is significantly below the advisory guidelines range.  The court was entitled to impose enhancements to Burr's guidelines offense level based on facts found by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

4

Moreover, Burr's sentence is not greater than necessary to comply with the purposes of sentencing, and is not unreasonably high.[*]

### 2.

Finally, Burr argues that his sentence violated the Ex Post Facto Clause because the district court applied <u>Booker</u> at sentencing even though that decision issued after the date of his offenses. Retroactively applying the remedial portion of <u>Booker</u> does not violate the Ex Post Facto Clause. <u>See</u> <u>United States v. Davenport</u>, 445 F.3d 366, 369-70 (4th Cir. 2006) (recognizing that retroactive application of <u>Booker</u> did not violate Ex Post Facto Clause because defendant was on notice of maximum statutory penalty when he committed crime), <u>overruled in part on other grounds by Irizarry v. United States</u>, 128 S. Ct. 2198 (2008). Because Burr was on notice of the maximum statutory penalties when he committed his crimes, this claim is also without merit.

### II.

Pursuant to the foregoing, we affirm Burr's sentence.

<u>AFFIRMED</u>

---

[*]If anything, Burr's sentence may be too low. Because the government has not cross-appealed on this issue, however, we are precluded from ordering an increase in Burr's sentence. <u>See</u> <u>Greenlaw v. United States</u>, 128 S. Ct. 2559, 2562 (2008) (holding that, when defendant unsuccessfully challenges his sentence as too high, court of appeals may not increase sentence on its own initiative).